# Walter White, lessee of Rachel Lloyd *against* Llewellin Joe Taylor.

S. C. 2 Dall. 223.

Testator directs lands to be sold and the monies distributed, but appoints no one to sell; a sale by the surviving executor is good.

THE question came before the court on the following case stated.

John Lloyd being seized of the premises in fee, made his will, dated 20th March 1769, (*inter alia*,) as follows.   "My " will is, that all my just debts and funeral charges be paid " and discharged.   I give to my wife, all the use, rents and " profits of my estate, both real and personal, during her " widowhood; *in case she should marry the one third [\*423 " only.   Also, after her decease, the estate to be sold, " and the money arising from the sale thereof to be divided

[Lloyd's Lessee *v.* Taylor.]

"as follows: 5l. to my daughter Catharine, to be paid to her
"as my executors shall see occasion, and the remainder to be
"equally divided among the rest of my children, viz. Eliza-
"beth, Sarah, John, Hannah, Rachel and Jehu.   It is also
"my will that my son Jehu be put apprentice to learn a
"a trade.   Also, I appoint John Roberts (miller,) and John
"Robinson, to be the executors of this my last will and testa-
"ment."

John Roberts died.   John Robinson, the surviving execu-
tor, conveyed the premises to the lessor of the plaintiff, (prout
deed,) all the heirs being then of full age, and were of full
age previous to the death of their mother.

Previous to this deed, three of the heirs at law, (of whom
there then remained six,) conveyed to John Young, under
whom the defendant claims, (prout deeds produced.)

The question submitted to the court was, whether under
this statement the plaintiff is entitled to recover?   If the
court should be of opinion for the plaintiff, then judgment to
be entered for the plaintiff, with six pence damages and six
pence costs.   If for the defendant, judgment to be entered for
the defendant.

Mr. Rawle for the plaintiff.   Two points may occur in this
case; 1st, Whether the testator, having directed his lands to
be sold, and not mentioned by whom, his executors might
legally sell?   2d, Whether his surviving executor could sell?

On the first point, I take it to be settled, that where a tes-
tator gives an authority, but gives no express direction who
are to sell, there the law intends it shall be sold by his exec-
utors, either where the lands are to be sold for payment of
debts, 2 Leon. 145, or where the monies arising from the sale
are to be distributed among several persons.   1 Cha. Ca. 179.
Shep. Touchst. 449, (old edit.)   Cites Perk. § 547.   Hardr.
419.   T. Jon. 25, 26.   8 Vin. 468, pl. 1, 2, 3.

And on the second point it has been adjudged, that the sur-
viving executor may sell.   Dy. 371. b. Sav. 72.   The whole
doctrine on this subject has been fully considered and weighed
in Hargr. Co. Litt. 113. a. b.  118. b. note (1.)

But it may be said, that in such cases recurrence is usually
had to the Lord Chancellor, who will direct the heir in cer-
tain instances to join in the sale, and that this necessarily im-
plies, that without such joinder in conveyance by the heir,
the title would be invalid at law.   To this I reply, that this
practice has been introduced *ex majori cautelâ*, the proof of a
will being at *tended with more solemnity than that
of a deed, and the heir has been decreed to join, that
the lands might sell at their full value.   3 P. Willms. 93.   2
Vern. 99.   1 Cha. Ca. 262.   1 Atky. 420, 421.

*Per cur. unâ voce.*   The sale by the surviving executor is
valid.   Let judgment be entered for the plaintiff.

Mr. Bankson, for the defendant, did not argue the cause.